REDMANN, Judge.
Decedent, though domiciled in New Orleans, resided in Paris and there allegedly executed an olographic will.
This unopposed and ex parte proceeding by his widow seeks probate of that will. The trial judge declined to allow proof under the circumstances hereafter recited, and the widow applied for certiorari.
Our ordering the allowing of ex parte probate, like the order of probate itself, C. C.P. art. 2931, would still be subject to attack by third parties. There is no opponent from whom we might have assistance on a fuller hearing as on appeal (and who would be bound by our decision). There is no transcript to review. Our decision will be largely administrative. We therefore concluded that, despite the possibility of appeal, we should not make proponent wait in line for appeal. We accordingly issued the writ which brings the matter before us now.
The actual will was not presented to the trial court because (as affidavit rea *302 sonably shows) French law requires it to remain deposited in a notary’s records in Paris.[1] However, as further indicated by affidavit, a prior act of “universal gift inter vivos” was effective under French law to convey the husband’s estate (including after-acquired property) to the wife upon his death. Therefore the will has neither been probated, R.S. 9:2421-2423, nor become operative by law without probate, R. S. 9:2424, in France. Thus this will’s probate is not authorized by the Uniform Probate Law (R.S. 9:242l-2425) intended to. solve the usual problem of legal authorities in another jurisdiction keeping possession of the original will.
But because the will which applicant seeks to probate, “written, dated and signed by the hand of the testator”, C.C. art. 1588, is a will (though confined to a notary’s office in Paris), we conclude probate should be allowed on satisfactory proof of those formal requirements (in the absence of opposition on other issues), since it appears satisfactorily proved that the original will itself, though neither lost nor destroyed, cannot be physically produced into court. Purely procedural problems (such as paraphing, C.C.P. art. 2882 • — which could in substance be accomplished by paraphing the authenticated photocopy presented as part of the proof) cannot defeat the substantive right of testamentary disposition; C.C.P. art. 5051.
The will, if valid under C.C. art. 1588, should be given effect.
The December 7, 1972 ruling complained of, refusing to allow the will to be proved, is vacated and the matter is remanded for appropriate proof that the purported will was written, dated and signed by the hand of the testator, and for appropriate further proceedings.

. A reasonably authenticated photocopy was offered. The proposed prooes verbal would have witnesses testify that they “recognized that the original” was (i. e., had to be) by decedent’s hand. Because of the verification fraud in photocopying seems remote. But if, because of poor photocopy quality or other reason (not suggested here by the trial judge), the court is not satisfied that the witnesses can reasonably identify the original handwriting as the testator’s, it may be satisfied by testimony (in person or, C.C.P. art. 2889, by deposition) from witnesses who have seen the original that the original is by decedent’s hand (and, perhaps further, that an identified copy is a true copy). But these questions relate to sufficiency of proof. The question before us is whether proof should be allowed.